IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN HAYNES                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:06CV254 HTW-LRA

CITY OF DURANT, MISSISSIPPI,
HOWARD ROBERTS, JIM FERGUSON,
ISAIAH WINTERS, DORA PARKINSON
and JOHNNY PRITCHARD, in Their
Individual Capacities                                                                          DEFENDANTS

## ORDER

Before the court are two motions: a motion for summary judgment [docket no. 59] filed by defendants the City of Durant, Mississippi, Jim Ferguson, Dora Parkerson, Johnny Pritchard, Howard Roberts and Isaiah Winters, in their individual capacities, and a motion for trial date [docket no. 68] filed by plaintiff John Haynes.

### I.  Motion for Summary Judgment

Plaintiff raises a federal claim of discrimination under Title VII of the Civil Rights Act of 1964[1], Title 42 U.S.C. § 1981[2], Title 42 U.S.C. § 1983[3] and the Fourteenth

---

[1] Title 42 U.S.C.. § 2000e et seq.

[2] Title 42 U.S.C. § 1981(1) states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

[3] Title 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

1

Amendment[4]. Plaintiff also raises a claim for retaliation in violation of his First Amendment[5] right to free speech. Lastly, plaintiff brings a claim for malicious interference with employment.

Defendants have filed a motion for summary judgment [docket no. 59] against all of plaintiffs' claims. Rule 56 of the Federal Rules of Civil Procedure, which guides the court in its consideration of whether to grant summary judgment, states in pertinent part:

> (b) A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.
>
> (c)(2) The judgment sought should be rendered if the pleadings, the

---

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[4]The Fourteenth Amendment states:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[5]The First Amendment reads:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Having reviewed the briefs and considered the oral arguments, the court is prepared to rule on defendants' motion.

The court dismisses plaintiff's claims under Title VII because plaintiff failed to file suit within 90 days of receiving his right to sue letter[6]. The court also dismisses plaintiff's equal protection claims under "class of one" and "personal vindictiveness." Plaintiff's equal protection claim for racial discrimination remains along with plaintiff's claims under the First Amendment, Fourteenth Amendment, § 1981, and § 1983, and the claim for malicious interference with employment.

Therefore, defendants' motion for summary judgment [docket no. 59] is granted in part and denied in part.

## II. Motion for Trial Date

Plaintiff's motion for a trial date [docket no. 68] is granted. The court will contact the parties with dates for both a pretrial conference and a jury trial.

SO ORDERED this the 18th day of March, 2010.

                    **s/ HENRY T. WINGATE**
                    **CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**

Civil Action No. 3:06-cv-254 HTW-LRA
Order

---

[6] "A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC. The ninety-day window is 'strictly construed' and is 'a precondition to filing suit in district court.'" *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1)).